IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL BROHM, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:18-cv-3995-AT |
| v. | : | |
| | : | |
| NAUTIC PARTNERS, LLC, SCOTT | : | |
| HILINSKI, KENNETH MCGEE, | : | |
| CHESTER CROUCH, | : | |
| | : | |
| Defendants. | : | |

## ORDER

## I.    INTRODUCTION

*Pro se* Plaintiff, Michael E. Brohm ("Plaintiff")[1] filed the instant diversity action against Defendants Nautic Partners, LLC ("Nautic"), Scott Hilinski ("Hilinski"), Kenneth  McGee ("McGee") and Chester Crouch ("Crouch") (collectively, the "Defendants") asserting state common law causes of action sounding in fraud, breach of fiduciary duty and intentional infliction of emotional distress based upon Plaintiff's employment with and ultimate termination by Reliant Hospital Partners, an entity owned and operated by Nautic.    *See generally* Complaint ("Compl.") (Doc. 1).

---

[1]    Plaintiff was originally represented by counsel in this action.  *See* Compl. (signed by Plaintiff's counsel of record).  However, on October 26, 2018, Plaintiff's counsel filed a consent to withdraw as counsel (Doc. 24) which was later granted by the Court.  (Doc. 26).  Plaintiff has represented himself in this lawsuit since that time period.

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint based upon lack of personal jurisdiction, improper venue and failure to state a claim upon which relief may be granted. [Doc. 23]. Plaintiff opposes the motion. (Doc. 29). For the reasons that follow, Defendants' motion is **GRANTED**.

II.  **DISCUSSION**

   **A. Personal Jurisdiction**

      **1. Facts**[2]

Plaintiff asserts the following jurisdictional allegations relating to each of the Defendants:

> 1. Plaintiff Michael E. Brohm is and was at all times relevant to this action a citizen and resident of Norcross, Gwinnett County, Georgia.
>
> 2. Defendant Nautic Partners,[3] LLC is a limited-liability company formed in Delaware and with its principal place of business in Rhode Island and not authorized to do business in Georgia.[4]

---

[2]     Only those facts bearing upon the discrete issue of personal jurisdiction will be set forth here. For a full explication of the facts, the reader is respectfully directed to the Complaint itself. In setting forth the relevant facts, the Court relies on the jurisdictional allegations made in the Complaint as well as any evidence filed by the parties relating to this particular issue. *See Carmichael v. Kellogg, Brown & Root Serv., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (recognizing that where a Defendant lodges a challenge to a complaint based upon personal jurisdiction, matters outside the pleadings, including testimony and affidavits, may be considered in resolving the issue). To the extent additional particularized facts are relevant in adjudicating the instant motion, such facts will be set forth and discussed in conjunction with the Court's analysis.

[3]     According to the Complaint, Nautic is a "middle-market private equity firm that makes investments in and concentrates on the healthcare industry." Compl. ¶ 28.

[4]     In this Circuit, a limited liability company, similar to an unincorporated association, is "a citizen of any state of which a member of the company is a citizen." *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). In addition, "courts . . .

3. Defendant Scott Hilinski is and was at all times relevant to this action a citizen and resident of Massachusetts.

4. Defendant Kenneth McGee is and was at all times relevant to this action a citizen and resident of Texas.

5. Defendant Chester Crouch is and was at all times relevant to this action a citizen and resident of Texas.

Compl. ¶¶ 1-5.  In addition, Plaintiff avers that "a substantial part of the events or omissions giving rise to th[is] action occurred in this judicial district." *Id*. ¶ 7. Moreover, according to Plaintiff, Defendant McGee made "contact with [him] by making secret phone calls using a 'burner' cell phone with an Atlanta area code over a five-year period" during which time "McGee represented to [Plaintiff] that he [McGee] was looking out for [Plaintiff's] best interests" but that in reality "McGee was actually deceiving [Plaintiff] by providing him with selective information . . . or asking what [Plaintiff] knew or had heard about the lawsuit, and his cell phone calls to [Plaintiff] were part of the Defendants' plan and strategy to deceive [Plaintiff]." *Id*. ¶ 44.

---

have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp*., 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006).  Here, it is unclear from the face of the Complaint whether the Court does in fact have the requisite subject matter jurisdiction since the Complaint fails to set forth the constituent members of Nautic.  To determine if the proper subject matter jurisdiction exists, the Court, on July 2, 2019, directed Nautic "to file, not later than July 10, 2019, its Certificate of Interested Persons and Corporate Disclosure Statement which shall include a list of all of its members and the citizenship of each. If any member is itself an LLC, LLP, or LP, the citizenship of each member of the identified LLC, LLP, or LP must also be identified."  July 2, 2019 Text Order.  On July 9, 2019, Nautic submitted the requisite Certificate of Interested Persons and Corporate Disclosure Statement.  (Doc. 32).  Upon review of this documentation, it does not appear that any member of Nautic is also a domiciliary of Georgia. Thus, the Court finds that subject matter jurisdiction, based upon diversity, is present and will proceed with adjudicating the motion itself.

### 2. Legal Standard

A plaintiff's complaint is subject to dismissal if there is a lack of personal jurisdiction over the defendant.  Fed. R. Civ. P. 12(b)(2).  The issue of whether personal jurisdiction is present is a question of law.  *Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010); *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009).  "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1257 (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)); *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).

Rule 12(b)(2) motions to dismiss for lack of jurisdiction can be asserted on either facial or factual grounds.  *Carmichael v. Kellogg, Brown & Root Serv., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).  A facial challenge is based solely on the allegations in the complaint.  *Id.*  In considering a facial challenge, which asserts that the plaintiff failed to sufficiently allege a basis for jurisdiction, the court must accept the complaint's allegations as true.  *See id.; McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007) (likening a plaintiff's safeguards to "those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised."); *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (providing that with a "facial attack, a plaintiff is afforded

safeguards . . . [and] the court must consider the allegations of the complaint as true").

A factual attack, in contrast, challenges the existence of jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, may be considered. *Carmichael,* 572 F.3d at 1279; *McElmurray*, 501 F.3d at 1251; *Lawrence,* 919 F.2d at 1529; *see also In re CP Ships Ltd Sec. Litig*., 578 F.3d 1306, 1312 (11th Cir. 2009) ("In a factual challenge, the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss.") (citation omitted).

The court must resolve a personal jurisdiction challenge on the pleadings, if possible, or following an evidentiary hearing. *Oldfield*, 558 F.3d at 1217 n.19 (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1373). When no evidentiary hearing is held on a motion to dismiss for lack of jurisdiction, the Court determines whether the plaintiff has established a prima facie case of personal jurisdiction over a nonresident defendant. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). A prima facie case exists where the plaintiff presents enough evidence to survive a motion for a directed verdict. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006); *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). A plaintiff presents enough evidence to withstand a motion for a directed verdict by

putting forth evidence of such quality and weight that "reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." *Miller v. Roche Sur. & Cas. Co.*, 502 F. App'x 891, 893 (11th Cir. 2012) (quoting *Christopher v. Fla.*, 449 F.3d 1360, 1364 (11th Cir. 2006)).

If the nonresident defendant challenges jurisdiction and supports the challenge with affidavit evidence, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction. *Diamond Crystal*, 593 F.3d at 1257. The plaintiff must "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986).

The court, in turn, must accept the facts in the plaintiff's complaint as true, to the extent that they remain uncontroverted by the defendant's affidavits. *Cable/Home Commc'n Corp. v. Network Productions*, Inc., 902 F.2d 829, 855 (11th Cir. 1990); *Paul, Hastings, Janofsky & Walker, LLP v. City of Tulsa, Okla.*, 245 F. Supp. 2d 1248, 1253 (N.D. Ga. 2002). In addition, "[w]here the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Diamond Crystal*, 593 F.3d at 1257 (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)).

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction

must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1257-58 (quoting *United Techs. Corp.*, 556 F.3d at 1274; *see also Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames*, 620 S.E.2d 352 (2005). This two-pronged approach requires a district court to "engage in a separate, literal application of the Georgia long-arm statute in addition to a due process inquiry in deciding whether personal jurisdiction exists over a nonresident defendant." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1254. However, where a reviewing court determines that "it does not have personal jurisdiction over [a non-resident defendant] pursuant to the Georgia long-arm statute, the Court does not need to address whether or not exercise of personal jurisdiction over [that non-resident defendant] would violate due process." *Burgess v. Religious Tech. Ctr., Inc.*, No. 1:13-CV-02217, 2014 WL 11281382, at *3 n. 2 (N.D. Ga. Feb. 19, 2014), *aff'd,* 600 F. App'x 657 (11th Cir. 2015); *Proliant, Inc. v. Savant HCM, LLC*, No. 1.17-CV-02487, 2018 WL 1936528, at *5 n. 5 (N.D. Ga. Jan. 25, 2018) ("Because Proliant failed to demonstrate jurisdiction under Georgia's Long-Arm Statute, the Court need not decide whether jurisdiction is proper pursuant to the Due Process Clause.").

### 3. Whether Personal Jurisdiction over Defendants is Proper under Georgia's Long Arm Statute (O.C.G.A. § 9-10-91)

The threshold inquiry required in determining whether personal jurisdiction is properly maintained against a non-resident defendant requires that "the defendant must have committed some act or engaged in some activity set forth in Georgia's Long-Arm Statute, OCGA § 9–10–91." *Lima Delta Co. v. Glob. Aerospace, Inc.*, 325 Ga. App. 76, 79, 752 S.E.2d 135, 138 (2013). Georgia's Long-Arm Statute, in turn, provides that jurisdiction may attach to a non-resident defendant where the defendant:

> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;
>
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (4) Owns, uses, or possesses any real property situated within this state[.]

O.C.G.A. § 9-10-91.

As an initial matter, the Complaint fails to invoke any particular jurisdictional predicate as the basis for personal jurisdiction as against any of the named Defendants. *See generally* Complaint. Indeed, in reading the Complaint, it is entirely unclear upon which subsection (if any) of the Long-Arm Statute is

relied upon by Plaintiff.  Rather, Plaintiff, in conjunction with asserting that venue is proper, states only that "a substantial part of the events or omissions giving rise to the action occurred in this judicial district."  Compl. ¶ 7.  Moreover, in his opposition, Plaintiff again fails to even make a passing reference as to which jurisdictional hook would apply here.  *See generally* Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 29) ("Pl.'s Opp'n").  As such, the Court must independently evaluate whether at least one of the statute's subsections could serve as a proper jurisdictional basis in light of each of the Defendants' individual contacts (if any) with the State of Georgia.[5]  *See Diamond Crystal Brands, Inc.*, 593 F.3d at 1260 ("It is beyond cavil that the exercise of personal jurisdiction in Georgia requires a court to find that at least one prong of the long-arm statute is satisfied.").

Turning first to O.C.G.A. § 9-10-91(1), the Complaint does not contain any allegations that any of the Defendants "[t]ransact[ ] any business within this state."[6]  O.C.G.A. § 9-10-91(1).  Indeed, a review of the Complaint illustrates that

---

[5]    In conducting this analysis, the Court shall rely on the individual affidavits submitted by each of the Defendants.  *See Beasley v. Beasley*, 260 Ga. 419, 420, 396 S.E.2d 222, 223 (1990) ("To demonstrate that the court lacks jurisdiction, defendant may raise matters not contained in the pleadings.  However, when the outcome of the motion depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record.").  Notably, Plaintiff has not submitted any documentary evidence refuting the information contained in Defendant's affidavits.  Instead, Plaintiff relies solely on the allegations as set forth in the Complaint.  However, such reliance may prove fatal in light of the fact that "to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence."  *Id.*

[6]    "[J]urisdiction exists on the basis of transacting business in this state if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness

no facts have been put forth to, at minimum, allow a plausible inference that any of the named Defendants have "purposefully done some act or consummated some transaction in this state" either through physical presence, postal, telephonic or internet contacts. *Pascarelli*, 346 Ga. App. at 593, 816 S.E.2d at 7255.

The only exception is with respect to McGee, who Plaintiff alleges "remained in contact with [him] by making secret phone calls using a 'burner' cell phone with an Atlanta area code over a five-year period." Compl. ¶ 44. These cell phone calls followed Plaintiff's termination as CEO of Reliant. *See id.* ¶¶ 36-45. According to Plaintiff, during these telephone calls "McGee represented to [Plaintiff] that he was looking out for [Plaintiff]'s best interests, but [that in fact] McGee was actually deceiving [Plaintiff] by providing him with selective information [about Reliant], [which was] usually inaccurate or slanted in Reliant's favor, or asking what [Plaintiff] knew or had heard about the lawsuit[.]"[7]  *Id.* ¶ 44.  In addition, Plaintiff alleges that through these telephone conversations, McGee acquired knowledge that Plaintiff "was having trouble

---

and substantial justice." *Pascarelli v. Koehler*, 346 Ga. App. 591, 593, 816 S.E.2d 723, 725 (2018). Physical presence is not required. *Id.* at 594, 816 S.E.2d at 726. Rather, "Georgia allows the assertion of long-arm jurisdiction over nonresident defendants based on business conducted through postal, telephonic, and Internet contacts." *Id.*

[7]     The "lawsuit" to which Plaintiff refers is the suit filed by Cornerstone Healthcare Group ("Cornerstone"), a long-term acute care hospital owned by the private equity firm J.W. Childs Associates but subsequently acquired by Highland Capital Management, L.P. *See* Compl. ¶¶ 10-13.  The lawsuit stemmed from allegations that Plaintiff, who had been formerly employed by Cornerstone prior to his brief tenure as Reliant's CEO, "breached his fiduciary duty to Cornerstone and conspired with Nautic to deprive Cornerstone of an opportunity to acquire Reliant." *Id.* ¶ 40.

finding employment because prospective employers were aware of Highland [Capital Management's] reputation for litigiousness and were concerned that hiring [Plaintiff] could subject them to litigation." *Id.* ¶ 45.[8]

These facts, which illustrate only that McGee continued contacting Plaintiff following his termination from Reliant, do not permit the inference that Plaintiff and McGee were transacting any business within the meaning of the Long-Arm Statute as opposed to merely engaging in conversations of a largely personal nature (*i.e.,* discussions related to Plaintiff's lack of employment prospects and pending litigation by Cornerstone for example).[9]   Even if, as alleged in the

---

[8]    Plaintiff, in his opposition memorandum, attempts to inject additional factual details concerning the extent and nature of the telephone calls made by McGee. *See generally* Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 29) ("Pl.'s Opp'n").  However, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *see Weakley v. Eagle Logistics*, No. 3:16-CV-00205, 2017 WL 2929375, at *2 (N.D. Ala. Mar. 2, 2017) ("The law is clear that a party may not insert new claims and allegations by way of a brief in opposition to a motion to dismiss.") (citing *Huls v. Liabona*, 437 Fed. App'x 830, 832 n.4 (11th Cir. 2011) (*per curiam*)); *Fleming v. Dowdell*, 434 F. Supp. 2d 1138, 1148 (M.D. Ala. 2005), *aff'd,* 182 F. App'x 946 (11th Cir. 2006) ("A complaint may not be amended by briefs in opposition to a motion to dismiss[.]").  This rule applies with equal force to *pro se* litigants.  *See  Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* [ ] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); *see also McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Nelson v. Barden*, 145 F. App'x 303, 311 (11th Cir. 2005) ("a [party's] *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules.").  As such, Plaintiff's factual augmentation as contained in his opposition brief shall be disregarded.

[9]    "The Eleventh Circuit has defined 'transact' as 'to prosecute negotiations,' to 'carry on business,' 'to carry out,' or 'to carry on.' It has defined 'any' to mean 'to any extent' or 'in any degree.' Additionally, the Eleventh Circuit has defined 'business' as 'activity directed toward some end,' or 'a usually commercial or mercantile activity customarily engaged in as a means of livelihood,' or 'transactions, dealings, or intercourse of any nature.'" *Neenah, Inc. v. Mohawk Fine Papers, Inc.*, No. 1:18-CV-04870, 2019 WL 2080267, at *3 (N.D. Ga. Feb. 5, 2019) (citing *Diamond Crystal Brands, Inc.* 593 F.3d at 1264 n. 18).

Complaint, the nature of McGee's telephone calls to Plaintiff were meant to deceive Plaintiff in some way in order to provide Reliant with an upper hand in any future financial maneuvers, it would be, without more, a leap too far to equate such alleged deception with engaging in a business transaction. Thus, the Court concludes that the nature and quality of McGee's contacts with the forum state are insufficient to create the jurisdictional nexus required to meet the "transacting business" requirement. *See Gulfstream Aerospace Corp. v. Gulfstream Air Charter, Inc.*, No. 4:17-CV-26, 2018 WL 6069006, at *4 (S.D. Ga. Nov. 20, 2018) ("When analyzing personal jurisdiction under Georgia's long-arm statute, courts consider the quality of defendant's 'tangible and intangible conduct' within Georgia.") (citing *Diamond Crystal Brands. Inc.*, 593 F.3d at 1265); *Knieper v. Forest Grp. USA, Inc.*, No. 4:15-CV-0222, 2016 WL 9450454, at *6 (N.D. Ga. Mar. 3, 2016) ("Under the 'transact any business' prong of the long-arm statute, 'literally transacting business within Georgia remains a precondition to long-arm jurisdiction that is independent from the dictates of due process.'") (quoting *Diamond Crystal Brands, Inc.*, 593 F.3d at 1261.); *see also LABMD, Inc. v. Tiversa, Inc.*, 509 F. App'x 842, 845 (11th Cir. 2013) (unpublished) ("Tiversa's contact with Georgia consisted of one phone call and nine emails to LabMD. Such contact is not enough under Georgia law to subject Tiversa to personal jurisdiction in Georgia courts."); *ETS Payphone v. TK Indus.*, 236 Ga .App. 713, 715–16, 513 S.E.2d 257 (Ga. Ct. App. 1999) (finding no personal jurisdiction over nonresident defendant who visited Georgia once and negotiated a contract via

telephone, mail, and fax). Moreover, McGee's contact can best be described as "fortuitous" since Plaintiff, only by happenstance, resides in Georgia. *See Home Depot Supply, Inc. v. Hunter Mgmt. LLC*, 289 Ga. App. 286, 289, 656 S.E.2d 898, 901 (2008) ("The 'minimum contacts' required to confer personal jurisdiction over a nonresident may not be merely 'random,' 'fortuitous,' or 'attenuated.' Instead, in order for a Georgia court to exercise jurisdiction over a nonresident based on 'transacting business,' it is necessary that purposeful acts must have been performed by the defendant to tie it to the State."); *Garraway v. Riu Hotels SA*, No. 1:16-CV-02830, 2017 WL 3485786, at *2 (N.D. Ga. Mar. 10, 2017) (recognizing that in order to fall within the ambit of transacting business for purposes of Georgia's Long-Arm Statute, "The defendant must have engaged in conduct *directed to Georgia* and which occurs in Georgia.") (emphasis added).

Finally, the respective affidavits submitted by Nautic, Hilinski, McGee and Crouch serve as some evidence that that this subsection is inapplicable here. *See* October 15, 2018 Supplemental Affidavit of Nautic Partners, LLC (Doc. 23-12) ("Nautic Aff.") ¶ 2 (stating that Nautic does not "engage in any business in Georgia directly or indirectly . . . does not maintain a place of business in Georgia, has no employees, servants, or agents based in Georgia, and does not own or lease any property in Georgia); October 15, 2018 Supplemental Affidavit of Scott Hilinski (Doc. 23-13) ("Hilinski Aff.") ¶¶ 3, 6 (stating that Hilinski does "not have any systematic contacts with the state of Georgia" and otherwise does "not

transact business in Georgia");[10] October 15, 2018 Supplemental Affidavit of Kenneth McGee (Doc. 23-14) ("McGee Aff.") ¶¶ 3, 4 (stating that McGee does "not have any systematic contacts with the state of Georgia" and otherwise does "not transact business in Georgia"); October 15, 2018 Supplemental Affidavit of Chester Crouch (Doc. 23-15) ("Crouch Aff.") ¶¶ 3, 4 (stating that Crouch does "not have any systematic contacts with the state of Georgia" and otherwise does "not transact business in Georgia").

The Court acknowledges that the statements contained in these affidavits are rather conclusory, and, as such, likely would not trigger Plaintiff's duty to respond with contrary evidence supporting jurisdiction. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999) (finding submitted affidavit "of little significance to the jurisdictional question" in light of the fact that the "statements

---

[10]    Hilinski, in his Supplemental Affidavit, does assert that between 2000 and 2007 he was a board member of CompBenefits Corporation, headquartered in Roswell Georgia. Hilinksi Aff. ¶ 5. In addition, since September 4, 2018, Hilinksi states that he has served as a board member of Mikart, Inc., an Atlanta based corporation. *Id.* ¶ 4. However, he states that he was not "employed or otherwise associated with Mikart prior to becoming a board member." *Id.* These contacts, solely in a corporate capacity, are themselves insufficient, on these facts, to exercise personal jurisdiction over Hilinski on an individual basis. *See Amerireach.com, LLC v. Walker*, 290 Ga. 261, 266, 719 S.E.2d 489, 494 (2011), *as amended on denial of reconsideration* (Dec. 8, 2011) ("[J]urisdiction over a corporate employee or officer does not automatically follow from jurisdiction over the corporation . . . therefore the contacts of the individual defendants with Georgia are not to be judged according to AmeriSciences' activities in this state."); *see Meyn Am., LLC v. Tarheel Distributors, Inc.*, 36 F. Supp. 3d 1395, 1403 (M.D. Ga. 2014) ("Zajac's contacts with Georgia should not be judged according to the corporate Defendants' activities in this state but, rather, must be assessed individually."). Moreover, the causes of action contained in Plaintiff's Complaint neither arose from nor had any connection with Hilinski's activities with these corporate entities. As such, on this alternative basis jurisdiction is lacking. *Pascarelli*, 346 Ga. App. at 593, 816 S.E.2d at 725 (recognizing that in order to satisfy the transacting any business provision of the Georgia Long-Arm Statute, the "cause of action [must] arise[ ] from or [be] connected with such act or transaction").

[contained in the affidavits], although presented in the form of factual declarations, are in substance legal conclusions that do not trigger a duty for Plaintiffs to respond with evidence of their own supporting jurisdiction"). However, it nevertheless remains true that Plaintiff has not met his "initial burden of alleging in the complaint *sufficient facts* to make out a prima facie case of jurisdiction" pursuant to this subsection of the Georgia Long Arm Statute *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (emphasis added); *see Proliant, Inc.*, 2018 WL 1936528, at *4 ("The Court finds that Subsection (1) does not apply because despite its broad reach, Plaintiff has not alleged any business that Savant conducts in Georgia."). As such, this section cannot serve to confer personal jurisdiction over any of the Defendants.

As to subsection two of the Georgia Long-Arm Statute, which confers personal jurisdiction over a nonresident defendant who engages in a tortious act inside the state,[11] O.C.G.A. § 9-10-91(2), the Court similarly finds that the Complaint is devoid of any factual matter, accepted as true, which would permit the inference that any of the Defendants committed the requisite tortious act inside the state. It is true that Plaintiff, in a general fashion, pleads causes of action based upon fraud, breach of fiduciary duty and intentional infliction of

---

[11]  "A tortious act occurs either where the allegedly negligent act or omission was made . . . or where the damage was sustained." Likewise, "a tort occurs when and where the actual injury or accident takes place, and not at the place of the economic consequences of that injury." *Exceptional Mktg. Grp., Inc. v. Jones*, 749 F. Supp. 2d 1352, 1363 (N.D. Ga. 2010) (internal citations and alteration omitted).

emotional distress. *See generally* Compl. The problem is that the Complaint does not contain any facts which would tend to show that to the extent such torts were allegedly committed, Defendants engaged in such tortious actions within the State of Georgia or that Plaintiff's actual injury (as opposed to mere economic consequences) occurred in Georgia. This factual void is fatal to long-arm jurisdiction based upon this independent subsection. *See Canty v. Fry's Elecs., Inc.*, 736 F. Supp. 2d 1352, 1368 (N.D. Ga. 2010) ("Plaintiff cannot establish the second . . . prong[ ] of the long-arm statute as a basis for jurisdiction because Plaintiff does not allege that Defendant Fry committed a tortious act or omission within Georgia[.]"); *White v. Roberts*, 216 Ga. App. 273, 275, 454 S.E.2d 584, 587 (1995) ("I]t is undisputed that defendant was never in Georgia at the time any alleged fraud was committed. Accordingly, OCGA § 9–10–91(2) is not applicable as a basis for exercising personal jurisdiction over Dr. White."); *Exceptional Mktg. Grp., Inc. v. Jones*, 749 F. Supp. 2d 1352, 1363 (N.D. Ga. 2010) (finding long-arm jurisdiction under O.C.G.A. § 9–10–91(2) lacking because "[a]lthough the economic consequences of [plaintiff's] injuries manifested in Georgia, neither Woodside nor 89 Degrees committed a tortious act in Georgia sufficient to establish personal jurisdiction over them").

While § 9–10–91(3) authorizes personal jurisdiction over nonresidents who commit tortious acts outside Georgia causing injury inside Georgia, the Court need not tarry on analyzing whether this particular statutory requirement is met because subsection (3) also requires that the nonresident regularly do or

solicit business, engage in a persistent course of conduct, or derive substantial revenue from Georgia.  O.C.G.A. § 9–10–91(3).  A review of the Complaint illustrates that no facts have been pleaded which show (or at least create a plausible inference) that any of the Defendants regularly solicit business, engage in a persistent course of conduct, or otherwise derive substantial revenue from goods used or consumed or services rendered within the State of Georgia. Without pleading factual matter tending to show the existence of any of the above statutory predicates, personal jurisdiction over Defendants pursuant to this statutory subsection is foreclosed.  *See Exceptional Mktg. Grp., Inc.*, 749 F. Supp. 2d at 1364 ("[T]he Plaintiff has presented no evidence showing that either Woodside or 89 Degrees has engaged in any business in Georgia . . . Thus, neither Woodside nor 89 Degrees is subject to personal jurisdiction under subsection (3) of the Georgia long-arm statute"); *Proliant, Inc.*, 2018 WL 1936528, at *4 (finding jurisdiction pursuant to O.C.G.A. § 9–10–91(3) lacking where "Plaintiff has not alleged any regular undertaking by Defendant in Georgia and Mr. MacKay's declaration confirms that Defendant does not regularly conduct any business in Georgia").

Finally, O.C.G.A. § 9–10–91(4) permits long-arm jurisdiction where the nonresident defendant "[o]wns, uses, or possesses any real property situated within [the State of Georgia]."  However, here too, the Complaint contains no facts illustrating that any of the Defendants would fall within this subsection of the statute.  In addition, each Defendant, in their respective Affidavit disavows

that they own or lease any property located within Georgia. *See* Nautic Aff. ¶ 2; Hilinski Aff. ¶ 3; McGee Aff. ¶ 3; Crouch Aff. ¶ 3. Thus, this section similarly cannot serve as a basis for personal jurisdiction.

## III.  CONCLUSION

Based upon the foregoing analysis, the Court finds that Georgia's Long-Arm Statute does not provide a proper predicate for obtaining personal jurisdiction over Defendants. In addition, because jurisdiction is lacking upon this ground, the Court will dispense with conducting a due process inquiry. *Burgess*, 2014 WL 11281382, at *3 n. 2. In light of the fact that no personal jurisdiction exists, Defendants' motion is **GRANTED**. As a result, Plaintiff's claims as set forth in the Complaint are **DISMISSED**, **without prejudice**.[12]


**IT IS SO ORDERED** this 23rd day of July, 2019.

AMY TOTENBERG
**UNITED STATES DISTRICT JUDGE**

---

[12]    In light of the Court's determination, it declines to address Defendants' alternative theories for dismissal predicated upon improper venue and failure to state a claim.